UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER OLIVIA SLOAN, an
individual, et al.,

                      Plaintiffs,

        v.

PORT OF SEATTLE, a municipal
corporation, STEPHEN METRUCK, an
individual, and KATIE GERARD, an
individual,

                      Defendants.

CASE NO. 2:25-cv-00020-TL

ORDER STAYING DEADLINES
AND REQUESTING ADDITIONAL
BRIEFING

        Although this Court previously exercised subject-matter jurisdiction under 28 U.S.C. § 1331 based on federal-question jurisdiction (Dkt. No. 11 ¶ 2.2), the original basis for that jurisdiction may no longer exist following the dismissal of the only federal claims. Only Plaintiffs Jennifer Olivia Sloan and Kelly Wolf asserted federal claims, specifically claims arising under the Free Exercise Clause of the First Amendment of the U.S. Constitution. *See id.* ¶¶ 9.1–9.12. On September 30th, 2025, Plaintiff Wolf's Free Exercise claim was dismissed with prejudice. Dkt. No. 20 at 30. Plaintiff Wolf voluntarily dismissed all her remaining claims on

ORDER STAYING DEADLINES AND REQUESTING ADDITIONAL BRIEFING – 1

April 10, 2026. Dkt. Nos. 26, 27. Plaintiff J. Sloan's Free Exercise claim was dismissed with leave to amend (Dkt. No. 20 at 30), But Plaintiff J. Sloan opted not to amend her claim by the deadline set by the Court.

The Court must now determine whether to continue exercising supplemental jurisdiction over the remaining claims, all of which arise under state law. *See* 28 U.S.C. § 1367(c). Therefore, the Court requires additional briefing to determine whether it can and should continue exercising jurisdiction over the remaining claims.

Accordingly, the Court hereby ORDERS:

(1)    Plaintiffs and Defendants shall each, by **July 17, 2026**, file supplementary briefing of no more than 4,200 words that addresses the following:

    (a)    Whether the Court is *required* to dismiss the remaining claims without prejudice for lack of jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35-39 (2025) (holding that when a Plaintiff amends a complaint to "eliminate[] the federal-law claims that [granted original jurisdiction], leaving only state-law claims behind, the court's power to decide the dispute dissolves"; *see also Baldwin for & on behalf of K.B. v. Kalispell Sch. Dist. #5*, 763 F. Supp. 3d 1174, 1176 (D. Mont. 2025) (construing Plaintiff's voluntary dismissal of the only federal-question claim as an amendment because "withdrawals of individual claims against a given defendant are governed by Rule 15," not Rule 41(a) (citation modified)).

    (b)    Whether, if the Court is not required to dismiss the remaining claims, it should decline to exercise supplementary jurisdiction over all or some of the Plaintiffs' claims under 28 U.S.C. § 1367(c). This discussion should identify and address the applicable legal standard and also discuss the effect, if any, of the recent bifurcation of the remaining claims for dispositive motions and trial. *See* Dkt. Nos. 28, 29; *see also United Fin. Cas. Co. v. Aman Expedite, LLC*, No. C23587, 2026 WL 234064, at *2 (W.D. Wash. Jan. 28, 2026) (Declining to exercise supplementary jurisdiction upon a finding that a "prior bifurcation order necessarily reflected a determination that" two categories of claims "were sufficiently distinct to warrant separate adjudication . . . underscore[ing] the attenuated relationship between the Estate's remaining claims and any basis for original jurisdiction and weigh[ing] strongly against the exercise of supplemental jurisdiction under § 1367.")

(2)    The upcoming deadlines for dispositive motions and motions challenging expert witness testimony and for responsive briefing on motions already filed are STAYED pending further order of the Court. All other pre-trial deadlines remain in place at this time.

Dated this 14th day of July, 2026.

Tana Lin
United States District Judge

ORDER STAYING DEADLINES AND REQUESTING ADDITIONAL BRIEFING – 3